# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

**In Re:**

**BAIR AUCTION COMPANY, INC.,**

**Bankruptcy Case No. 04-40825**

       **Debtor.**

_____

**L.D. FITZGERALD, Trustee,**

       **Plaintiff,**

**Adv. Proceeding No. 05-8115**

**vs.**

**BAIR AUCTION COMPANY, INC., a/k/a Bair Auction Co., Inc., an Idaho corporation, et al.,**

       **Defendants.**

_____

### MEMORANDUM OF DECISION

_____

**Appearances:**

    Craig W. Christensen, Pocatello, Idaho, Attorney for Plaintiff.

MEMORANDUM OF DECISION - 1

> Kent A. Higgins, MERRILL & MERRILL, Pocatello, Idaho, Attorney for Defendants Bair.
>
> J. Randall Call, PRINCE, YEATES & GELDZAHLER, Salt Lake City, Utah, Attorney for Defendant Zions First National Bank.
>
> Robert J. Maynes, Idaho Falls, Idaho, Attorney for Defendants Sharp.
>
> Daniel C. Green, Racine Olson Nye Budge & Bailey, Pocatello, Idaho, Attorney for Defendant NAEDA Financial Ltd.

Before the Court for disposition are cross-motions for summary judgment in an adversary proceeding commenced by Bair Auction Company, Inc.'s ("Debtor") chapter 7[1] trustee, L.D. Fitzgerald ("Trustee"). In that action, Trustee seeks an order directing secured creditor Zions Bank ("Zions") to marshal the assets securing the loan Zions made to Debtor, and Defendants Christopher and Ronald Bair. Trustee asks the Court to instruct Zions to first foreclose a deed of trust it holds against the home of Defendants Ronald and Janiece Bair, thereby making Debtor's assets, which also secure the debt, available for distribution to unsecured creditors in the bankruptcy case.

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as promulgated and enacted prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (Apr. 20, 2005).

MEMORANDUM OF DECISION - 2

Defendants filed a motion for summary judgment contending the doctrine of marshaling is inapplicable to these facts as a matter of law. Docket No. 14. Trustee also filed a motion for summary judgment, asserting there are no material factual disputes that would prevent the Court from ordering Zions to marshal its security. Docket No. 26. The issues were briefed, Docket Nos. 15, 29 and 36, and on August 15, 2006,[2] after oral argument, the Court took the motions under advisement. After reviewing the parties' arguments and submissions, the Court concludes there are indeed issues of material fact which render this contest inappropriate for disposition on summary judgment.

## Background

Defendant Christopher Bair is the shareholder and was the manager of the day-to-day activities of the corporate Debtor. Christopher Bair's father, Ronald Bair, was an officer of Debtor, but owned no stock in the corporation. Aff. of Ronald Bair, Docket No. 16. Janiece Bair, Christopher Bair's mother and Ronald's spouse, was neither an officer or stockholder of Debtor, nor did she participate in the management of the business. Aff. of Janiece Bair, Docket No. 17.

---

[2] Trustee failed to notice his summary judgment motion for hearing. The parties, however, did not object to the Court's consideration of Trustee's summary judgment motion based upon the oral argument made in conjunction with Defendants' summary judgment motion.

MEMORANDUM OF DECISION - 3

In August 2002, Ronald[3] and Janiece helped Christopher obtain a $160,000 loan from Zions to operate the Debtor. Christopher executed the promissory note ("the Note") in favor of Zions for this loan both as an individual and on behalf of Debtor. At Zion's request, Ronald also signed the Note. Janiece did not sign the Note. However, both Ronald and Janiece executed a deed of trust on their house (the "Parents' Home") to secure payment of the Note. In addition to the deed of trust on the Parents' Home, the loan was secured by a security interest in Debtor's inventory and equipment (the "business assets"), and a deed of trust on Christopher's personal residence.[4] Exs. A–C, Docket No. 30.

When the business failed, Debtor filed a voluntary chapter 7 petition on April 19, 2004. On November 1, 2005, Trustee initiated this adversary proceeding against Zions and Ronald, Janiece and Christopher Bair,[5] to require

---

[3] For clarity, the Court refers to the Bairs by their first names. No disrespect is intended.

[4] Christopher's residence is not at issue here because, as represented by Zions Bank's counsel, Zions Bank already sold it.

[5] In addition to the parties discussed above, Trustee's complaint names as defendants additional parties that may have an interest in Debtor's business assets or proceeds thereof and seeks a determination that Trustee's right and interest in the business assets and proceeds are superior to any claim of: NAEDA Financial, LTD, Wayne L. Sharp, John W. Sharp, Glenda Sharp, and John Doe 1–100. Compl., Docket No. 1. Since Trustee's approach will not adversely impact their rights, those additional defendants have taken no position regarding the motion.

MEMORANDUM OF DECISION - 4

that Zions marshal the assets securing the Note.  In particular, Trustee asks that Zions be ordered to collect the remaining amount due on the Note by foreclosing on the deed of trust on the Parent's Home.  In theory, if Zions takes this approach, its debt will be paid in full, and the proceeds from the Trustee's sale of Debtor's business assets will then be available for distribution to other, unsecured creditors in the bankruptcy case.  Trustee contends he is entitled to summary judgment because Ronald signed the Note as a borrower with joint and several liability for repayment.  Trustee maintains marshaling is required by equity under these facts because Ronald and Janiece waived any protections afforded by the homestead exemption in the Parents' Home by signing the deed of trust, and after paying the indebtedness, would be entitled to assert an unsecured claim against Debtor for the amount paid.  In this fashion, Trustee contends, the interests of all unsecured creditors are treated fairly.

Ronald and Janiece disagree.  They seek summary judgment because Plaintiff is unable to show that the two funds securing the Note, *i.e,* the Parents' Home and the business assets, are owned by the same debtor, a critical element of the marshaling doctrine.  Ronald and Janiece additionally argue that it would be inequitable to require Zions to first seek payment from the deed of trust granted to the Parents' Home because it is protected by the homestead exemption, and the

MEMORANDUM OF DECISION - 5

deed of trust was executed only out of "an abundance of caution," and was not intended by the parties to serve as the primary security for repayment of the Note. They therefore argue that the sale proceeds from the business assets should be applied to the Note before Zions is allowed to collect from them.

Zions Bank appeared at oral argument. In its view, repayment of the Note under either scenario is assured, because it is adequately secured. Accordingly, Zions takes no position on the issue of marshaling. Zions does, however, take issue with certain statements contained in the Affidavits of Ronald, and in that of Leslie Ball, Zions' loan officer who dealt with Ronald, Janiece and Christopher on the loan, in support of Defendants' motion for summary judgment. Zions moves the Court to strike portions of the affidavits. Mots. to Strike, Docket Nos. 33–34.

## Disposition

**A. Applicable Law.**

**1. Summary Judgment Standard.**

Summary judgment is proper if, when viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c) made applicable by Fed. R. Bankr. P. 7056; *Esposito v. Noyes* (*In*

MEMORANDUM OF DECISION - 6

*re Lake Country Investments, LLC*), 255 B.R. 588, 596–97 (Bankr. D. Idaho 2000); *see also Elsaesser v. Central Pre-Mix Concrete Co.* (*In re Pioneer Constr., Inc.*), 01.2 I.B.C.R. 66, 66 (Bankr. D. Idaho 2001). The initial burden is on the moving party to demonstrate that no genuine issue of material fact exists, and a failure to do so with respect to any required element of the cause of action is fatal to the motion. *Esposito*, 255 B.R. at 597. "If the nonmoving party bears the ultimate burden of proof on an element at trial, that party must make a showing sufficient to establish the existence of that element in order to survive a motion for summary judgment." *Id.* (internal citations omitted). A court "may grant summary judgment for the non-moving party if it is apparent from the record and at the hearing that there is no genuine issue of material fact essential to the movant's case." *Superior Eng'g and Elecs. Co., Inc. v. Sanders*, 833 F.2d 823, 825 (9th Cir. 1987). "It is well-settled in this circuit and others that the filing of cross-motions for summary judgment, both parties asserting that there are no uncontested issues of material fact, does not vitiate the court's responsibility to determine whether disputed issues of material fact are present." *Fair Housing Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). The court does not weigh the evidence presented; its role is to simply decide if a material factual dispute exists. *Esposito*, 255 B.R. at 597.

MEMORANDUM OF DECISION - 7

**2. Applicable Law Regarding Marshaling of Assets.**

"The equitable doctrine of marshaling rests upon the principle that a creditor having two funds to satisfy his debt may not, by his application of them to his demand, defeat another creditor, who may resort to only one of the funds." *Meyer v. United States*, 375 U.S. 233, 237 (1963). The doctrine of marshaling may be invoked only "(1) on behalf of junior secured or lien creditors; (2) where the debtor has two distinct funds; and (3) where its operation would work no inequity upon the debtor or certain third parties." *St. Paul Fire & Marine Ins. Co. v. Fort Vancouver Plywood Co.* (*In re Brazier Forest Products, Inc.*), 921 F.2d 221, 223 (9th Cir. 1990).

The particular requirements for marshaling are governed by Idaho law because, "in bankruptcy proceedings, the validity, nature and effect of liens are governed by the law of the state where the property is situated." *Victor Gruen Assoc., Inc. v. Glass*, 338 F.2d 826, 829 (9th Cir. 1964). In Idaho, "[t]he doctrine of marshaling securities is well established, and fully recognized." *Wooddy v. Jameson*, 50 P. 1008, 1009 (Idaho 1897). Although Idaho recognizes the doctrine of marshaling, there is little case law available to consult. Therefore, the Court has considered the decisions of other federal courts which discuss the doctrine in the context of bankruptcy cases for guidance.

MEMORANDUM OF DECISION - 8

**B. Summary Judgment is not Appropriate.**

To grant summary judgment, the Court must determine the necessary facts to support, or to reject, Trustee's marshaling claim are undisputed. The Court is unable to do so on the record before it.

**1. Plaintiff is, in effect, a Junior Lien Creditor.**

The first of the three factors required to apply the doctrine of marshaling is that it may only be invoked on behalf of a junior secured or lien creditor. *See St. Paul Fire & Marine Ins. Co.*, 921 F.2d at 223. The parties do not dispute that, under § 544(a)(1), as of the commencement of the bankruptcy case, Plaintiff occupies the status of a junior lien creditor as to the property securing Zions Bank's claim. Thus, the first factor for Trustee to invoke the marshaling doctrine is satisfied. *See Duck v. Wells Fargo Bank, Nat'l Assoc.* (*In re Spectra Prism Indus., Inc.*), 28 B.R. 397, 399–400 (9th Cir. BAP 1983) (concluding the trustee's status as a junior lien creditor under § 544 provides the trustee with standing to object to a marshaling request).

**2. Two Distinct Funds.**

MEMORANDUM OF DECISION - 9

The second factor required to invoke marshaling is that the debtor have two distinct funds. *See St. Paul Fire & Marine Ins. Co.*, 921 F.2d at 223. "Marshaling is possible only when the two funds are in the hands of the common debtor, however, unless separate and independent equities are present." *DuPage Lumber and Home Improvement Ctr., Inc. v. Georgia-Pacific Corp.*, 34 B.R. 737, 744 (N.D. Ill. 1983).

The two funds involved in this action are the business assets and the Parents' Home. Obviously, both "funds" are not in the possession of Bair Auction, the common debtor, or in this context, Trustee. On this basis Ronald and Janiece contend they are entitled to summary judgment. Trustee, however, asserts that Ronald was an officer of Debtor, participated in its management, and signed the Note and deed of trust agreeing to be personally liable for the Zions Bank debt. Because of this, Trustee insists that equity requires the Court to treat both funds as being held by the common debtor. Ronald and Janiece argue, though, that Ronald did not assist Christopher in managing Debtor's business.

A dispute concerning a material fact exists as to whether Ronald's involvement with Debtor and his actions in signing the Note constitute "separate and independent equities" so as to satisfy the common fund requirement.

**3. Inequity to Debtor or Third Parties.**

MEMORANDUM OF DECISION - 10

The third and final factor that must be present for the doctrine of marshaling to apply is that "its operation would work no inequity upon the debtor or certain third parties." *St. Paul Fire & Marine Ins. Co.*, 921 F.2d at 223. Again, the Plaintiff and Defendants both presented conflicting evidence regarding the equities in applying marshaling. Any determination made by the Court on this issue under these circumstances would require it to engage in weighing and assessing the facts, a process that is prohibited when disposing of a motion for summary judgment. *Esposito*, 255 B.R. at 597.

### 4. A Trial is Required.

Because disputed issues of material fact exist concerning the second and third elements required for the doctrine of marshaling to be invoked, Trustee's motion must be denied. On the other hand, although Trustee bears the ultimate burden of proof as to each element, Trustee has offered evidence in the record sufficient to show that marshaling might be appropriate. Ronald and Janiece's motion for summary judgment must also be denied. In short, neither party is entitled to summary judgment.

### C. Motions to Strike.

MEMORANDUM OF DECISION - 11

Zions moves to strike portions of Leslie Ball's supplemental affidavit, Docket No. 20, and Ronald's affidavit, Docket No. 16. Because the Court did not rely on the disputed portions of either affidavit is rendering this decision, the motions to strike, Docket Nos. 33–34, are moot.

Defendants also filed a motion to strike portions of the Affidavit of James Elkins. Again, the Court did not rely on the disputed portions of this affidavit, Docket No. 32. Therefore, the motion to strike, Docket No. 35, is also moot.

## Conclusion

The cross motions for summary judgment will be denied. Zions' Motions to Strike portions of the affidavits of Leslie Ball and Ronald Bair are denied as moot, as is Defendants' Motion to Strike portions of the affidavit of James Elkins. A separate order will be entered.

Dated: September 12, 2006

*(signature)*

Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 12